## Commonwealth *vs.* Josiah Herrick.

The testimony of a witness that the defendant sold intoxicating liquor to him in the presence of others, and that he did not testify before the grand jury, is sufficient to be submitted to the jury on the trial of an indictment alleging a sale to some person to the jurors unknown.

Indictment on *St.* 1855, *c.* 215, § 15, for unlawful sales of intoxicating liquors to a person to the jurors unknown.

At the trial in the court of common pleas, before *Perkins, J.,* Andrew McDonald testified that he bought new rum of the defendant and paid for it, at two different times, in the presence of other persons, and that he had never been before the grand jury. The defendant contended that upon the evidence, the jury would not be justified in finding the defendant guilty. But the judge ruled that the question was for the jury on the evidence presented; and instructed them that they must be satisfied that the offences charged had been committed, that the testimony of McDonald related to the identical offences presented for trial by the grand jury, and that the name of the witness and person to whom the sales were made was in fact unknown to the grand jury, and could not by any reasonable

diligence have been ascertained by them. The defendant, being convicted, alleged exceptions, not to the rulings given, but to the case being left to the jury upon such evidence.

*W. D. Northend,* for the defendant. The evidence was insufficient to support a verdict, and the jury should have been so instructed. The instructions given tended to embarrass and and mislead the jury. *Commonwealth* v. *Packard,* 5 Gray, 103. *Commonwealth* v. *Hendrie,* 2 Gray, 503.

*S. H. Phillips,* (Attorney General,) for the Commonwealth.

BY THE COURT. This case presented a mere question of evidence, no law. The question at the trial was not whether the same evidence had been given before the grand jury, but whether the same facts were in issue. This depended upon the offence being rightly charged in the indictment, and supported by proof. The statement of the witness was not inconsistent with the indictment. The sales to him might have been proved before the grand jury by other witnesses who were present in the shop, but did not know his name.

*Exceptions overruled.*